Things have now calmed down. Mr. Dow. Good morning. I'm David Dow. I'm here on behalf of the Venetian Casino and Resort. May it please the Court. We are before the Court yet again in an effort to ensure that the due process rights of the Venetian are not trampled on by the failure of the United States District Court to take appropriate action to protect and effectuate its earlier orders, compelling certain matters to be arbitrated between the Venetian and its adversary, LNB. Is this Your Honor knows the Are you protecting an order or a judgment? Protecting a judgment, an order-slash-judgment. I think a order to compel matters to arbitration is a final order to be treated and protected by the United States District Court. The final judgment, if it dismisses the Federal action along with it, but this didn't do that. It just shipped some issues, but not all, to arbitration. Well, as to the issues that were ordered to arbitration, it's certainly a final judgment. And those are the issues we're here attempting to protect. Where do you get authority for that? What's your authority for that proposition? The It only makes sense, think of it from a common-sense perspective, if a party Well, the question had to do with authority, which is not necessarily the same thing as common sense. Your Honor, I'm not aware of any decision that specifically deals with that. I think there are cases, however, that do address issues where the motion to compel and I'm Let me apply common sense to your position. It seems to me that if the district judge said, I'm sending this to arbitration and then the arbitrator goes through whatever proceedings amount to arbitration, at some point, somebody's going to come back and ask that the award be confirmed and converted to a judgment. And at that point, you will have a judgment. But you haven't got one yet because, as I understand it, the arbitrator still hasn't completed his work. The arbitrations are continuing. That's correct, Your Honor. However, that was never the subject matter of the order. And what you're saying should happen is that the Venetian should have entered against it a judgment in state court on claims brought by LMB, some of which were clearly ordered to arbitration. That judgment should be entered against it and it has to wait until it completes and has the opportunity to arbitrate other claims submitted to arbitration and then hope that, in the meantime, when it gets that confirmed, it will finally have its defenses, offsets and counterclaims heard. What's happening now is a judgment will be entered against the Venetian without it having the opportunity to have its defenses, its counterclaims and offsets heard because those were not heard by the state court because they were subject to an arbitration order. And it was always understood that those claims of the Venetian against the Venetian against LMB that were ordered to arbitration, those included many credit claims against LMB's position on the contract balance claim. It included, for instance, offsetting counterclaims of the Venetian that would reduce the award that the judgment that's been rendered in state court. A perfect example is an issue called the OSIP reconciliation claim. That claim by the Venetian has been valued as much as $15 million. That has been ordered to arbitration. That would be a dollar-for-dollar offset against parts of the verdict that LMB received in state court. You know what, those are all words which scouring the record before the district court in entering its order that's on appeal now don't appear. In the argument before the district court, that's not correct, Your Honor. In the argument before the district court on this very motion. Where you talked about offsets, counterclaims, and whatever you're talking about now, where's that in record before the district court? That's in the motion that was made to the district court, the emergency motion to State. It talks about the fact that if he doesn't enter the order, the Venetian will not have a full opportunity to litigate his claim. Oh, I understand you say that, but I'm saying where do you talk about specifics as you've just now talked about? We attach to that motion the list of claims that were ordered to arbitration. All the claims that I've just discussed to you are on the list. Yes. And we told Your Honor that these claims have to be arbitrated. They are – they have been ordered to arbitration. Yes. They are offsets to the very claims that LMB is now seeking to have a judgment entered on. Your Honor ordered these claims, all these specifics. We provided him with a list of over 1,000 claims. That's before – that was before the United States district court, including the OSIP claim I just discussed with you. That's one of the items on the list. Yes. Your Honor, the district court was perfectly aware of the issues that it had ordered to arbitration.  And it said there's no problem. That's – I mean, the district court is the one that knew what it was ordering to arbitrate. That's correct. The district court looks at what the State court had done. Yes, ma'am. And says, look, the State court made a distinction between what was being arbitrated and what's not being arbitrated. And there is now a judgment, and I don't have a problem with it. The district court does not do that. The district court assumed that the State court had had a full and fair hearing on the scope of the arbitration orders. That was his assumption that he made in his finding, and that's why he relied upon Parsons. However, the district court didn't conduct a hearing or accept evidence on what, in fact, the State court had done. And if you look at the record that was put before the district court judge in our motion, emergency to stay, it makes it clear that, in fact, the State court never did reach a decision on the merits of what was to be arbitrated and what was not. Instead, what the district court did was simply the district court made a couple of orders clarifying, specifying, whatever, enforcing the stipulation to arbitrate. Correct. Okay? And the district court, when presented with your argument, basically says, look, all of this was before the State trial judge, who, in essence, determined the preclusive effect of my arbitration award by saying what was going to be tried and what was not going to be tried. And that was the exact error that the district court committed. Well, okay. Why? Because the district court knows what its order was, and it's basically up to the district court. But the district court doesn't know what the State court did. He assumed what the State court did. He did not have to. No, he didn't. He said, in essence, the district --"the State district judge determined the preclusive effect of my arbitration order by sending some things to the jury and some things not to the jury." It doesn't matter whether it was right or wrong, mind you. The State district judge could have messed up beyond belief. But that is something that you have to bring up through the State appellate system. I don't think that I respectfully disagree with you, Your Honor.  That's what I'm trying to get at. What happened? You're twofold in the State. First, let's look at what the district court did. He said, I'm going to give the judgment full faith and credit under the full faith and credit act in Parsons. Could you refer? And we've got two district courts here. We've got the Nevada district court and the Federal district court. Send the Federal court to the State court. When I use district court, I'm talking about the United States district court. I will try to refer to the State court as the State court. Why don't you just say State or Federal court? State and Federal.   When the Federal court ruled, he relied upon the full faith and credit act in Parsons, v. First Alabama, to say, to give full faith and credit. He gave that on his belief and understanding, not on any inquiry that he made, that the State court must have made a res judicata finding or a finding on the scope of his earlier arbitration orders. I can say that, in fairness, what the district court said was, in essence, the State judge determined the preclusive effect of what issues are to be tried and what aren't. And I would submit to you, for the sake of your disagreeing, that a review of the entire record of the State proceedings amply supports that decision. I disagree. Let's look. At the order we're talking about, the 122403 order of the State court that resulted in the entry of judgment. What does the State court say in that order? Does it say I've considered what it says, Your Honor? No, but that's what it did in the course of the longest trial in Nevada history. Well, it may have been a long trial, but that doesn't make it a right trial. I understand, but here's the real nub of it. If it's not a right trial, then your remedy is in the Nevada courts of appeal. I disagree, Your Honor, and I will address both those issues, if I may. First, the Parsons issue, where the court erred in determining that there had been a finding on the merits by the State court related to the scope of the arbitration. If you look at what the State court actually said, he said, I'm not going to make that decision. I'm going to simply ignore the orders of arbitration. I'm no longer going to. Well, that's not what he said. Well, Your Honor. I mean, look, I would be far more persuaded. This is a tricky issue. Yes, it is. And believe me, I have read and can quote you every word that both the Federal and State judge said, so it doesn't help to characterize what they said. So if you would take it literally as to what he said, it would be very helpful to me. I will read it literally. What the Court said in its 1224 hearing was, I will no longer defer to the, I will allow the Federal action to proceed and resolve itself independently. It was clear that he wasn't issuing an order that he thought had binding and preclusive effect on the Federal court. It was not a race judicata finding under Nevada law where you have a full and fair hearing on the issue and you issue an order. That was not what the State court was doing in its 122403 order, which became patently clear when after that order was entered, LMB filed a motion. None of which was before the district court. Yes, this was before the district court. His order. Not post-trial stuff. The 122403 order was before the district court. That was. You're correct. Now you're starting to go off into something that occurred after that order was entered. The order, the language of the court in that, as you know, LMB filed a motion to asking the State court to vacate the arbitration proceedings, an arbitrator's and to find that the arbitrations were moot, file that with the State court. The State court refused to do that. And in doing so, the State court said, and maybe somewhere at the end of the day, even though there might be some duplication, one court or the other is probably going to have to sort out what's already been decided by the jury in this matter and whether or not what the arbitrator has done was an issue preclusion matter, race judicata, or double award, indicating he's not done that. He didn't intend to do that. That simply isn't, I think, a characterization that holds up of what he did. He made the determination. The State trial judge had to have decided what was going to be tried to the jury and what was not going to be tried to the jury. That's the key thing. There's no question at all, Mr. Dial, in anybody's mind that there was never a hearing on race judicata. I mean, it wasn't posed that way for obvious reasons. I mean, there was no prevailing party in the Federal action. I don't even think there was a final judgment in the Federal court. And during the course of your trial, the State judge had to decide and did decide what issues were going to be given to the jury and which were not. He even instructed the jury on that. He decided that, but without giving consideration to the United States district court's orders compelling arbitration. But he said that it was giving consideration. It was in front of him all over the place. He did initially, he said. He even admitted that initially, I think I'm going to have to adjust the verdict based upon the arbitration award. He did so at the motion of LMB, who said let the State trial go forward, and then when we get a verdict, the verdict can be adjusted by virtue of the arbitration award and then a judgment entered. Mr. Dial, practically what happened here? Did the State judge assume, as perhaps the parties did, that the arbitration would proceed more quickly than it actually ended up taking? I think everybody assumed that the arbitration would proceed more quickly. And so he was assuming that by the time he got around to trying it, that you would have some finality to the arbitrator's ruling. He assumed that, the Federal court assumed that, and the parties assumed that. Unfortunately, that did not happen. Clearly. It's still going on. You still don't have finality. The verdict in the State court occurred. As you know, the State court, even then, stated its intention based upon motion of the Venetian that it wouldn't enter judgment on that verdict until the arbitrations were finished and it could make the adjustments that everyone acknowledged needed to be made. However, at the request of LMB, and LMB filed motions where LMB misconstrued and misrepresented what was happening in the arbitration proceedings, contending that the arbitrator was now going beyond what it had been ordered to do, was obfuscating the State court's ability to adjust the verdict based upon that motion. Then the State court, I think out of frustration and based upon what we believe are misrepresentations by our opponent, to the State court then said, well, I'm just going to ignore it. I'm no longer going to defer. The Federal court can work itself out. I'm just going to enter judgment on the verdict. I'm going to forget about the fact that everyone understood that this verdict has to be adjusted based on the arbitration. Well, assuming all that is true, what's wrong with Judge Reimer's question that take it up to the Nevada appellate courts and convince them that the State judge overstepped his boundaries, and in the meantime, why is it an abuse of discretion for the Federal judge to say, I am not going to interfere in the State court proceedings at this point? There's now a final judgment. First off, I don't think it's an abuse of discretion standard before the Court. There was a recent decision, Headwaters v. U.S. Forest Service, by this Court. It's Lexis 18930 – excuse me, 18930, September 8, 2004, which held that the question concerning the proper application of the doctrine of res judicata is a mixed question of fact and law and is subject to a de novo review. Res judicata, but you're here on an appeal from a denial of a motion for injunctive relief. The Court based its denial on its belief that there had been an action by the State court that was entitled to res judicata and full faith and credit. On the question of the Supreme Court, I just – it is, to me, improper to ask a party who has been ordered to arbitration certain claims, who has complied with that order, under the understanding that was before everyone, that the results of those arbitrations, its defenses, its counterclaims, its offsets, would be used to offset the verdict before a judgment was entered against it, to now have that judgment entered against it and say, well, you can just appeal it, you can just appeal it, you'll be okay. Surely that's not protecting the due process rights of the Venetian, because it has been allowed to have a judgment entered against it without having the opportunity to defend itself and to submit its claims because it complied with an order to arbitrate those very issues. I think, under the cases we cited, such as Cigna out of the Seventh Circuit, the Doctors Associate case out of the Second Circuit, the Ninth Circuit has hinted at the issue with respect to the GC case v. Wilson and the Zurich American v. California Superior Court, that in instances where a party's federally protected rights, such as its right to arbitrate and its right to due process covered by arbitration, are being impeded and not properly protected by a State court, it is okay in that instance, and proper for a district court, to enter and take injunctive relief against a State court in order to protect that party who is subject to those rights. And I think those cases, particularly the Cigna case in the Seventh Circuit, clearly stand for that proposition. And I don't think we should be made to have a judgment taken against us without a due process. I'd be more sympathetic to your position if you weren't asking us to, in essence, enjoin the enforcement of a Nevada judgment that had been reached as a result of a multi-month trial, where on the Federal side of the House, we haven't finished the arbitration proceedings. I'm just having a very difficult time asking myself why we as Federal judges should interfere in a State court proceeding that has gone that far when we're the ones who are being so slow in administering justice on the Federal side of the House. So you work that to the prejudice of the Venetian? Well, I'm trying. That's what you're saying. We'll penalize you, Venetian, because it's been slow, but not L&D. It's a State-Federal comity issue. I mean, this is a serious thing for a Federal court to interfere in a State court proceeding. And it just looks bad to me to do it when we've got this disparity in the way that we've processed this litigation. You're not – you wouldn't be interfering in a State court proceeding. You would be asking it to be stayed until the arbitrations are completed so that those arbitration awards can be properly considered and the matters that were arbitrated can be considered by the State court in entering its judgment, exactly what everyone had planned to do from the very beginning. Instead, what will be happening is a judgment will be entered against the Venetian, which includes a number of the issues that are being arbitrated. And the results are far different in arbitration than in State court. And the State court judgments will be entered, and we'll have to come back and argue later that, oh, no, now you've got to undo this State court judgment because we've got a different result in arbitration. And there are far different results than the issue. Will you explain to me how your position on the counterclaims, offsets and whatever plays out in the remaining Federal action? In the remaining Federal action, we will move to have those confirmed into a judgment. Yes. And then we will ask the State court to consider those awards, as it has, and adjust the verdict based on those judgments and enter a final judgment between the parties. Why do you need to do that? I mean, if you've got a State court judgment for a million dollars and you've got a Federal court judgment in favor of the other side for 500,000, isn't that just an offset? No, because they're the same issues. The same issues are being decided in both verdicts. When LMV – yes, they are. When LMV submitted – when LMV – I understand that that is your position, but why can't a court look at that and make that decision? Whether you've fudged over on from retrospective to prospective or whatever, that can be unraveled on appeal, can't it? Why would we need to go there? Why can't we leave it with a district court that knows what it ordered to arbitration and is in the best position to make that judgment? Yes. And the district court made a judgment that it wasn't bugged by what happened. The district court deferred to the State court and said he made the judgment and I'm not going to interfere with it. That's what the – that's where the error is. The district court should have made the determination of whether or not his orders to arbitration were being violated, and if so, should have taken appropriate action. It failed to reach that question. It simply said I won't reach it because the State court has already entered a judgment which I believe under Parsons and full faith and credit, I have to give full faith and credit to. Okay. Thank you. I guess I used all my time. Thank you for the spirited argument. Thank you for the argument. Let's see what your opponent has to say. Before she gets started, I know you mentioned a couple of things. If you want a couple of cases, if you would put them on a gum sheet and give them to the clerk after argument, that would be helpful. All right, Ms. Fletcher. May it please the Court. I'm Jennifer Fletcher, and together with my co-counsel, Kirk Harrison, we represent Laird McGovern Bovis, the appellee. This appeal is the third appeal by Venetian to this Court and is another in a long history of efforts by Venetian to, in simple terms, prevent justice and fairness from being done. Five years ago – So the first thing I have to say is that, look, Parsons Steele says that you've got to give full faith and credit to a judgment once a determination has been made by the State court not to give res judicata effect to a Federal district court order. Okay? And Venetian is saying there was legal error here because there never was a decision by the State court to give or not to give res judicata effect to the Federal court order to arbitrate. Therefore, Parsons Steele doesn't apply. Therefore, the district court's order has to be reversed and start over again. Venetian says that, Your Honor, but that is an incorrect contention. First of all, the State court definitely did make a decision that it was going to enter judgment on the jury verdict after a nine-and-a-half-month jury trial. And I agree with that, but that's not directly confronting the conundrum that I just posed to you, which is that the State trial judge never made an actual decision on res judicata. And on their view, on Venetian's view of Parsons Steele, the Supreme Court said that you don't have the tension between the full faith and credit act and the relitigation exception to the Anti-Injunction Act unless there has been a ruling by the State court on res judicata. Yes, Your Honor, but in this case, what the State court did do is to determine which issues should go to the jury trial because they were not within the scope of the Federal arbitration order. And, in fact, we have a history here where the State court, in fact, considered the very same arguments that Venetian then came into the Federal court to later make. Well, as Mr. Dial points out, there's language early in time where the State court judge said that, but then later we read some language in which the State court judge sort of just throws his hands up in the air and says, well, the appellate courts are going to have to sort this out, I'm not going to worry about it. That looks to me like he abdicated his responsibility to make the res judicata. And, Your Honor, I'd like to address that specific language because that's one of the most misleading aspects of the appellate's case. Okay. Give us your take on it, then. First off, and I believe this question was posed by Judge Rimer earlier to Mr. Dial, the motion that resulted in the hearing from which those quotes are taken was not before the district court below. What Venetian has done in their briefs is to take quotes from a later filed motion after the entry of judgment wherein we went to Judge Brennan, the State court judge, and said, not with regard to the issues that had previously been ordered to arbitration and not with regard to the issues that were incorporated into the State court judgment after the lengthy jury trial, but as to additional issues where we now believe that the arbitrator is going outside of his jurisdiction. And the reason that these arbitrations are never ending is because he is now going forward into 2005 to schedule arbitration hearings on issues that were never, ever part of the agreement of the parties to arbitrate and never part of what Judge Dawson ordered. In bringing that motion later, again, after the entry of judgment and after the decision of the court below, which is on appeal here, we had a hearing in which Judge Brennan said, look, I've done my State court thing. We are in a judgment mode. As this Court may now know, the post-trial motions from that judgment have been denied and Venetian has appealed to the Nevada Supreme Court. So we are in a final posture in the State court. Judge Brennan then listened to our motions where we were trying to get him to stop the arbitrator from doing more in what we think is outside-the-scope crazy stuff, and he said, I'm not going to deal with that. Go to Judge Dawson and deal with that now. So those quotes are completely out of context of the real issue in this appeal. The issue in this appeal is, did Judge Brennan, in entering the order on the jury verdict, reach a decision that he was empowered to, in fact, enter an order in judgment notwithstanding the Federal court's arbitration order, and he clearly did that. He clearly made the determination that he was able to enter a final judgment. Well, he made that determination, but so what? I mean, that's a determination that I can sign this piece of paper that enters judgment. It still doesn't answer the legal question that Venetian posits, that the Supreme Court doesn't require a deference to full faith and credit absent a or before there's actually been a decision in the race judicata effect of a Federal court judgment. Yes, except that the full faith and credit doctrine clearly applies to the district court's handling of the State court's judgment. There is no question that the district court was required to give the State court judgment. Well, here's the thing. Parsons Steele can be read as saying, you don't have to give full faith and credit to a State court judgment unless and until the State court has actually made a ruling on the race judicata effect, if any, of the prior Federal judgment. That's the heart of the Venetian's legal argument on the full faith and credit. They make other arguments, too, but that's an important part of it. I understand that. And from the standpoint that there was no Federal court judgment to which a race judicata effect could apply, then it can certainly be said that there was no judgment as to which the State court judge could apply a race judicata effect. Well, now, that's an argument that you did not make in your papers, I think. No. I'm trying to be responsive to your question. I don't believe that argument is in the papers. From our perspective in the papers, it's a much simpler consideration, and that is, and I think Your Honor almost exactly quoted the order of Judge Dawson in saying that, in essence, the State court judge determined the preclusive effect of this Court's orders concerning what issues are to be tried and which ones are to be arbitrated. Okay. Is that a leap? Is that a step beyond Parsons Steel, or is it subsumed within the notion that once the State court enters a judgment, then whether an issue could have been raised or not and could have been ruled upon or wasn't, it is? It is subsumed within Parsons Steel. And we do make the argument in our brief that, in fact, our facts are more compelling than Parsons Steel, because in Parsons Steel and in the cases that follow it, what you have is a Federal court judgment which is being arguably disregarded by the State court entering a different adjudication. And in many of those cases, as you know, it's not a judgment as we have here. And in Parsons Steel, in fact, the district court below and the court of appeals had found that, indeed, the State court's order was in derogation of a Federal court judgment. We're not even at that level. Our issue is subsumed and much stronger than the Parsons Steel matter, because what we have is an order which Judge Dawson himself said he wasn't sure if it had a final effect, if it should be treated as a judgment under the relitigation exception, because, after all, what we're here about is whether the State court should have been enjoined. And the only basis upon which Venetian can show that the State court should have been enjoined is to get to the relitigation exception. And the purpose of the Parsons Steel decision is to say, you don't even get to the relitigation exception of the Anti-Injunction Act if, in fact, you have a judgment of the State court that's entitled to full faith and credit. So what we have here is a much stronger case where we have a Federal court order, arguably not even entitled to rest due to con effect. District court himself expressed some question about that. We have the necessity, through an order of the Federal court which allowed the State court trial to go forward, and through a very subjective type of arbitration provision which had this prospective, retrospective determination that needed to be decided in almost a case-by-case basis with some of the issues that were being presented. And so we have the Federal court saying, go to trial. We have the State court going to trial on that authority, attempting to give deference to this order, and clearly considering it. And we then have the Federal court saying, what the State court has done is he's determined the preclusive effect of this court's order. So he has taken my order. He's made his own decision about it. He has then determined that he can try these specific issues and now enter judgment. And I'm not going to disturb that. And as you know from reading the Federal court order, he goes on. Alito, but, Ms. Fletcher, it doesn't have to do with the State court judge looking at the issues that were then pending before the arbitrator. As I understand the state of the record here, Judge Brennan thought that by the time he got to the point that he reached after nine and a half months, that there would be some definitive rulings from the arbitrator that he could consider. In fact, the arbitration went on for so long that he had nothing. And so he did what, frankly, I think any reasonable trial judge would do. I just finished a nine and a half month trial. I got a jury verdict. I'm going to enter a judgment on it. So there really isn't. I mean, you talk about how he clearly distinguished between those matters that were before the arbitrator. That's not what happened. He just entered the judgment on what had been tried before the State jury. Well, that's partially correct, but there are different contentions that are being made about issues that should have been before the arbitrator versus should have been tried. What you're saying is But Judge Brennan didn't decide any of those issues, did he? Oh, yes, he did. He, in the initial stages before the case went to trial, enumerated in an order specifically which issues he was going to try in an effort to give deference and giving deference to the State court's, I mean, I'm sorry, to the Federal court's order compelling arbitration. So that would have been at the point where he decided what the State jury was going to hear. Yes, exactly. Right. And those issues were known to the Federal court at the time the Federal court allowed the State trial to go forward, declining Venetian's earlier motion to stay, which, as the Court knows, was affirmed by this Court. What you're referring to, and you are correct, I mean, there was a belief on everyone's part that the arbitrations would be completed before the jury completed. But that not only didn't happen, but now there's no end in sight, quite frankly, and which gave rise to our later motion, which is really not before this Court, but as I was explaining earlier. But as to the arbitration awards that were entered and as to the arbitration proceedings that were ongoing, the jury was told about those. Those were introduced into evidence. And so it's not really fair to say that the judge had nothing from the arbitrator on which to go. So were there interim arbitration awards entered? Is that what happened? Yes, Your Honor. There were interim arbitration awards on specific issues. Those were presented to the jury in evidence, and the jury was charged on the fact that the arbitration was ongoing. And the jury was further charged that the arbitrator was considering issues prospectively and that the jury was to consider issues retrospectively. And while that sounds like a lot of gobbledygook and what the Court, this Court, said in the prior order confirming one of the discrete arbitration awards, something to the effect, and I won't get it exactly quoted as Your Honor has done, although it's complicated, there's nothing wrong with it. This is what the parties have agreed and this is what the Court ordered. And essentially, that was addressed again by Judge Dawson in his order below, where he says, the Court ordered arbitration of all scope changes submitted in the parties' respective lists with the issues of entitlement cost and time impact to be valued prospectively. Presumably, the parties can litigate these same scope changes if the issues of entitlement cost and time impact are valued retrospectively. And so the Court below recognized that Judge Brennan had to make some subjective determinations about what the jury could hear, even though there may have been some overlap with the arbitrator's issues. And so I hope I'm answering your question. But I think where we're going with this is the problem is, I guess, the problem is, from the Venetian standpoint, it's got to be, both proceedings are going to result in judgment for various sums of money, and then the question becomes not only do they get credit in the form of offsets, but is there duplication or overlap leading up to the determination of those sums of money in both proceedings? And again, going back to what the Ninth Circuit said previously, it may be complicated, but that doesn't make it something that we can't accommodate. And I think the question was asked earlier about how the Venetian will proceed from here. Let's say an arbitration award, and I want to make the point, I think this is clear from the factual basis, but this contention about lack of due process and not being able to put forward their claims. Venetian had $250 million in counterclaims that they tried in the State court case. Venetian also put forward any arbitration awards that were rendered to that point and had free reign to argue to the jury anything they wanted to about their claims or defenses or arbitrations. So the concept that they're somehow hanging out there not really trying their cases is just completely fallacious, and I'm sure the Court's not misled by that, but I don't want that to be the case. But the question was asked, what will they do now? And if they do obtain an arbitration award in the future, they have an adequate remedy at law. They have a Federal court they can go to. They have a State court they can go to. They have the Nevada Supreme Court that they've already gone to. So they have other places they can go. That's not the issue before the Court. The issue before this Court is, did the court below properly refuse to enjoin the State court at this juncture? Kagan. Kagan. Ms. Bishop, may I ask you a question? What did the parties – what did you understand by incorporating the arbitration award into the verdict to mean? I'm not quite sure I understand what it was meant to mean. Bishop. Well, and again, this only applies to one small portion of the verdict. There were – the vast majority of the issues that were tried to the jury were never even involved with arbitration issues. There's one small portion of the verdict that would have potentially required arbitration awards to be incorporated into the verdict. And what we did and what we intended to do was to put the arbitration awards to the jury on those positions. You took the awards that you did have. We had retrospective evidence as to what Venetian acknowledged to be the contract balance, which is the issue at hand, and made that argument to the jury as well. So there was an understanding, potentially, that there would be a mathematical argument to the jury as well. And then there's a process by which that needs to be accomplished. If an arbitration award becomes final, it needs to be confirmed, turned into a judgment, and then there will be a determination by whatever court confirms those awards   all the awards. And then there's a process by which that needs to be accomplished, turned into a judgment,  by whatever court confirms those awards. And then there's a determination by which the jury will determine how Venner interacts with the preexisting verdict, which is now a judgment on appeal in the Nevada Supreme Court. I hope that answered your question. Again, the fact that it was complicated, none of us would have preferred to have the arbitrations outlast the trial, but they did do that. And in doing the best that he could with the circumstances, Judge Brennan acted in the interests of not just Bovis, but many, many other parties who were involved in this consolidated, complex litigation that needed to have the case finalized and be able to put some end to this circumstance, because where we stand now is five years after the opening of the most wildly successful casino resort in Las Vegas history, there are all of these people who built the project who still remain unpaid. And that's what this is really about, an effort to find justice and to get to the point where we have conclusion to this long dispute. All right. Ms. Sherry, Mr. Dyle, partly because it was so much fun to engage in the colloquy with you, and partly because your opposing counsel sort of left some time, we'll give you a minute to respond. Thank you. First, on the issue of whether these are judgments that would be considered, the question you asked me at the beginning of the argument, in his order, Judge Dawson cited a number of cases where the motions to compel arbitration or orders related to arbitration were found to be within the relitigation exception under the full faith and credit or anti-injunction act. One of those cases is Reliance, and in Reliance it discusses a case where the arbitration was only of part of the issues before the court. So I think that arbitration orders have always been treated as decrees and they've been used in judgment for purposes of the language to protect and effectuate orders and judgments. And I was just wondering. How do you – maybe Reliance answers this question. How do you square that with the language in the Supreme Court opinions that say that we can't prevent parallel State and Federal litigation from proceeding under our separate sovereigns within the Federal-State constitutional framework? I think they're consistent. And what we're saying here is allow the matters that have been ordered to arbitration to be arbitrated. Allow the issues that weren't arbitrated to be tried to the State court. That was always the intention. Unfortunately, that wasn't the end result of what actually happened because the judge, State judge, chose to enter a judgment which covered matters that were clearly ordered to arbitration, even that the judge, State judge himself, acknowledged previously were clearly ordered to arbitration. He did that in his August 5th order that Ms. Fletcher mentioned. He acknowledged in that order that certain of the claims relating to contract balance had been ordered to arbitration, would not go to the jury. In fact, they went to the jury and he and her judges now enter judgment on them. The August 5th order that was – in terms of what was to be done, I think it's very compelling, and we put this in the supplemental appendix as to what L&D thought would be done with the arbitrations. And in it, in the brief to the State court, they tell the State court that the arbitration awards are binding and entitled to collateral estoppel effect in determining the FGMP. The FGMP, familiar to us but not to you, is the contract amount. In other words, in determining what the amount of the contract should have been to compare it to what has been paid, determine an element of damages, the arbitration awards, they told the State court, were collateral estoppel and binding on the State court. They've now moved and tell the State court they should be mooted because the State court has entered a judgment and ignored those – those previous orders. Have I used my minute? I think I have. Thank you very much. I've enjoyed it. Thank you. Counsel, we appreciate the argument. This is an interesting, difficult issue, and we do appreciate your input at argument. The matter just argued will be submitted and the Court will stand recess for the day. All rise. This court will decide for the status of the jury. Thank you.
judges: Rymer, Tallman, Bea